IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TIGUE N BASS IV,<br><br>             Plaintiff,<br><br>     vs.<br><br>DOUGLAS COUNTY<br>CORRECTIONS, Official Capacity;<br><br>             Defendant. | **8:24CV353**<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Tigue N. Bass IV ("Plaintiff") filed a Complaint, Filing No. 1, and three documents this Court construes as supplements to the Complaint (collectively the "Complaint"), *see* Filing Nos. 3, 4, and 8.  The Court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A, and finds that it is.  However, in lieu of dismissal Plaintiff shall be granted 30 days to amend his Complaint consistent with this Memorandum and Order.

## I. SUMMARY OF COMPLAINT

The subject matter of this case arises from what this Court construes as allegations of Eighth Amendment failure to protect and violations of prison policy by a sole defendant described as: "Government Agency/Douglas County Corrections ("DCC") Supervisor/Director," (the "Doe Defendant").  Filing No. 1 at 2.  Plaintiff sues the Doe Defendant only in his or her official capacity, supporting his claims as follows: "The Douglas County Correction officer showed unprofessional conduct within a negligence tort within a special duty doctrine going against the Douglas County Corrections rules of procedure an [sic] a violation of rules of regulations feeding restricted lockdown inmates and

general population inmates living in the same housing unit." *Id.* at 4. It also appears Plaintiff seeks to bring a state law negligence claim against the Doe Defendant (or another unnamed defendant), a claim or claims against any supervisor overseeing DCC employees who are responsible for Plaintiff's injuries, *see* Filing No. 8 at 2, and a claim or claims against the Doe Defendant or another unnamed defendant related to the taking of Plaintiff's personal property including legal mail and items of spiritual importance to Plaintiff. Filing No. 4 at 3.

Specifically, Plaintiff alleges that on December 23, 2021, between 6 and 6:30 p.m., due to an unknown DCC employee's failure to comply with DCC rules and regulations regarding feeding general and "lockdown" population inmates separately, Plaintiff, a lockdown inmate, was attacked by a general population inmate who severely injured Plaintiff's head. Filing No. 1; Filing No. 4 at 2. Plaintiff alleges he was taken to the hospital and given stitches for his head injury. *Id.*

He contends that during his hospitalization that some of his personal property including legal mail and items of "important intrinsic spiritual value" went missing and were "stolen," presumably by unnamed prison employees. Filing No. 4 at 3. Finally, he also alleges that he was placed in lockdown from November 10, 2021, through August 22, 2022, due to refusing to take a tuberculosis shot. *Id.*

Plaintiff asserts that in addition to his physical injuries he suffered "psychological suffering [and] trauma." Filing No. 4 at 2. He seeks $7.1 billion dollars in actual and punitive damages. Filing No. 1 at 5; Filing No. 4 at 3.

## II. APPLICABLE STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e)

and 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

### III. DISCUSSION

Title 42 of the United States Code, section 1983 allows individuals to bring suit against persons who, under color of state law, have caused them to be "depriv[ed] of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. Section 1983 itself "creates no substantive rights; it merely provides remedies for deprivation of rights established elsewhere." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985) (citations omitted). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). The allegations must state enough about each claim to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties," *Topchian v. J.P. Morgan Chase Bank*, 760 F.3d 843, 849 (8th Cir. 2014) (internal quotation marks and citations omitted),

3

complaints filed by *pro se* plaintiffs must contain enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Twombly*, 550 U.S. at 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Here, while Plaintiff names just one defendant and brings suit against the sole defendant in their official capacity only, regardless of capacity, as pleaded none of Plaintiff's claims can proceed.

### A. Official Capacity Claims

As an initial matter, it is unclear if the only defendant Plaintiff intends to sue in his Complaint is a Douglas County Correction officer or that officer's supervisor. Either way, Plaintiff seeks to sue the sole defendant in his or her official capacity only. Filing No. 1 at 3. As pleaded, regardless of whether Plaintiff intends to sue the officer or supervisor, as both are county employees, the official capacity claims cannot proceed.

"A suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). Here, Plaintiff's claims are made against a Douglas County Correction officer or his or her supervisor, either of which is employed by Douglas County. However, a county may only be liable under Section 1983 if its "policy" or "custom" caused a violation of a plaintiff's constitutional rights. *Doe By and Through Doe v. Washington Cnty.*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). Plaintiff does not allege any policy or custom of Douglas County caused his injuries. *See* Filing Nos. 1, 3, 4 & 8. As such, Plaintiff has failed to

allege a plausible claim for relief against the Doe Defendant in his or her official capacity.

If Plaintiff intended to name the supervisor of the Doe Defendant as a defendant, the same issues related to the failure to allege a policy, or custom would apply to any potential supervisor-defendant as an employee of Douglas County. More importantly however, there is no vicarious liability in § 1983 actions, *Iqbal*, 556 U.S. at 676, as the "general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support [§ 1983] liability," *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997). Thus, to proceed against a supervisor a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Here, to the extent Plaintiff sought to name DCC supervisory personnel as defendants, those claims cannot proceed as he has not provided any facts explaining how any supervisory personnel were personally involved in the alleged constitutional violations. To state a plausible claim, he must do so.

Ultimately, Plaintiff's official capacity claims cannot proceed against any Douglas County official as pleaded. As Plaintiff only brought suit against the defendant in his or her official capacity, the Complaint must be amended or dismissed if any claims may potentially proceed.

## B. Individual Capacity Claims

As Plaintiff did not bring individual capacity claims against the Doe Defendant the Court shall not engage in a lengthy discussion of potential individual capacity claims. In a nutshell, even had Plaintiff alleged individual capacity claims against the Doe Defendant, only some of the claims have the potential to proceed and only with significant amendment.

First, "[t]t is generally impermissible to name fictitious parties as defendants in federal court, but 'an action may proceed against a party whose name is unknown if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery.'" *Perez v. Does 1-10*, 931 F.3d 641, 646 (8th Cir. 2019) (quoting *Est. of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995)). The allegations in Plaintiff's Complaint regarding the sole defendant are not sufficiently specific to satisfy the exception to the general prohibition against fictitious parties. See *id.* The Complaint "does not sufficiently allege who the Doe Defendant[] [is], what they allegedly did, what their position is for the [County], or any other facts that would permit [them] to be noticed or identified through discovery." *Id.* Therefore, Plaintiff should take any reasonable steps he can to identify the individual DCC employee (or employees) he seeks to sue and provide their names in any amended complaint he chooses to file.

Second, claims alleging prison policy violations by prison staff and allegations regarding assignment to housing in a certain security level are not constitutional claims and are therefore outside the scope of this Court's review. *See Gonzales v. Boyd*, No. 8:23-CV-462, 2024 WL 5158785, at *1 n.2 (D. Neb. Dec. 17, 2024) (the Court is unable to enforce prison policies and instead may only address claims relating to policies that involve a constitutionally protected interest) (citing *Bushner v. Reynolds*, No. 2:24-CV-1861, 2024 WL 2206213, at *10 (S.D. Ohio May 16, 2024)); *see also Olim v. Wakinekona,* 461 U.S. 238, 245 (1983) (explaining there is no constitutional right to an assignment to a particular housing security level). As such, any claim for failure to enforce or follow prison policies (such as Plaintiff's allegation that the Doe Defendant violated prison policy by allowing general population and non-general

6

population inmates to eat together) or assignment to housing of a heightened security level cannot proceed as a stand-alone claim and is subject to dismissal.

Finally, while Plaintiff's Eighth Amendment failure-to-protect claim is potentially cognizable, as pleaded it is subject to dismissal. To succeed on an Eighth Amendment failure-to-protect claim, an inmate must show that there was a substantial risk of serious harm to him and that defendants were deliberately indifferent to that risk. *See Irving v. Dormire*, 519 F.3d 441, 447 (8th Cir. 2008). To be liable, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Here, Plaintiff alleges that an unknown DCC officer allowed lock-down and general population inmates to eat together in violation of the Eighth Amendment (and prison policy) resulting in Plaintiff being attacked and severely injured by another inmate. However, Plaintiff simply concludes that the defendant knew (or drew an inference) of the risk of harm to Plaintiff when having the inmates eat together, and that he or she was deliberately indifferent to that risk. Such conclusory statements do not meet pleading standards as, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," without any factual connection between the named defendant and the alleged constitutional violation "do not suffice."[1] *Wit v. City of Lincoln, Nebraska*, No. 4:19-CV-3006, 2019 WL 1459054, at *3 (D. Neb. Apr. 2, 2019) (citing *Iqbal*, 556 U.S. at 678).

---

[1] These same pleading requirements apply to Plaintiff's allegations relating to the destruction or confiscation of his personal property and legal mail as well as the state law negligence claims mentioned in the Complaint, and to any future claims he may raise in an amended complaint.

Accordingly,

IT IS ORDERED:

1. Plaintiff shall have until 30 days from the date of this Memorandum and Order to file an amended complaint that clearly states a claim upon which relief may be granted against Defendant(s) in accordance with this Memorandum and Order. If Plaintiff fails to file an amended complaint, his claims against Defendants will be dismissed without further notice.

2. The Clerk's Office is directed to send to Plaintiff a copy of the prisoner civil complaint form.

3. The Clerk's Office is directed to set a pro se case management deadline in this case using the following text: **April 4, 2025:** Check for amended complaint.

4. Plaintiff shall keep the Court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

Dated this 5th day of March, 2025.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
Senior United States District Judge

8