IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TIGUE N BASS IV,<br><br>              Plaintiff,<br><br>vs.<br><br>DOUGLAS COUNTY<br>CORRECTIONS, Official Capacity;<br><br>              Defendant. | **8:24CV353**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court for initial review of the Amended Complaint, Filing No. 15 and an "Addendum" which this Court construes as a supplement, Filing No. 16, filed by Plaintiff Tigue N. Bass IV ("Plaintiff"). In the initial review this Court must determine if the Amended Complaint is subject to summary dismissal pursuant to 28 U.S.C. §§ 1915(e) and 1915A. Before the Court is also a motion seeking leave to amend the Amended Complaint along with a draft second amended complaint filed by Plaintiff on August 18, 2025 (the "Motion to Amend"). Filing No. 18.

For the reasons that follow, this Court finds that Plaintiff's Amended Complaint as pleaded is subject to summary dismissal for failing to state a claim for which relief may be granted. The Motion to Amend, Filing No. 18, shall be granted in part and denied in part. The Motion to Amend shall be denied to the extent the draft second amended complaint attached to the Motion to Amend shall not be considered by this Court, but shall be granted in part to allow Plaintiff to file a second amended complaint in accordance with this Memorandum and Order.

## I. BACKGROUND

Plaintiff Tigue N. Bass IV ("Plaintiff") filed a Complaint on September 9, 2024, Filing No. 1, and three documents this Court construed as supplements (collectively the "Complaint"), *see* Filing Nos. 3, 4, and 8. In his Complaint, Plaintiff appeared to allege an Eighth Amendment failure to protect claim against unnamed "Doe" defendants relating to injuries Petitioner sustained from an attack by another inmate, as well as claims relating to violation of prison policy and legal mail violations performed by an unnamed defendant (or defendants). Specifically, Plaintiff alleged that on December 23, 2021, between 6 and 6:30 p.m., Plaintiff, a lockdown inmate, was attacked by a general population inmate who severely injured Plaintiff's head, due to an unknown correctional facility employee's failure to comply with institutional rules and regulations regarding feeding general and "lockdown" population inmates separately. Filing No. 1; Filing No. 4 at 2. Plaintiff also alleged a claim or claims against the same or another unnamed "Doe" defendant relating to the taking of Plaintiff's personal property including legal mail and items of spiritual importance to Plaintiff. Filing No. 4 at 3.

The Court conducted an initial review of the Complaint to determine whether summary dismissal was appropriate under 28 U.S.C. §§ 1915(e) and 1915A and found that it was. Filing No. 14. In so finding, this Court noted that generally a complaint naming only fictitious parties as defendants may not proceed in federal court, unless the complaint makes allegations specific enough to permit the identity of the party (or parties) to be ascertained after reasonable discovery. Filing No. 14 at 6 (citing *Perez v. Does 1-10*, 931 F.3d 641, 646 (8th Cir. 2019) (quoting *Est. of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995))).

The Court found that as pleaded, the Complaint lacked specificity which would allow for later defendant identification and lacked factual support which would allow any of the claims to proceed. Specifically, the Court explained that when suing institutional personnel in their official capacity under 42 U.S.C. § 1983, a plaintiff must allege that a policy or custom of the individual's employer caused his injuries, which Plaintiff had failed to do. *Id.* at 4 (citing Filing Nos. 1, 3, 4 & 8). Although Plaintiff had not alleged individual capacity claims, this Court also considered his claims in that light, finding that Plaintiff's claims alleging prison policy violations could not proceed but that his Eighth Amendment failure to protect claim had the potential to proceed if amended. *Id.* at 7. This Court noted that Plaintiff simply concluded that an unknown defendant knew (or drew an inference) of the risk of harm to Plaintiff by having the inmates eat together, and that he or she was deliberately indifferent to the risk of Plaintiff being seriously harmed, but the Plaintiff failed to supply any factual allegations which would support his conclusions. *Id.* at 7 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Plaintiff was also informed that to the extent Plaintiff sought to name institutional personnel as defendants in their supervisory capacity, those claims could not proceed unless Plaintiff provided facts explaining how any supervisory personnel were personally involved in each alleged constitutional violation. *Id.* at 5 (citing *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009)). Ultimately, as none of Plaintiff's claims could proceed as pleaded, his Complaint was subject to summary dismissal under 28 U.S.C. §§ 1915(e) and 1915A.

However, in lieu of dismissal, Plaintiff was granted 30 days to amend his Complaint. *Id.* at 1. In compliance, Plaintiff then filed his Amended Complaint, Filing No. 15, and an Addendum, Filing No. 16, (collectively the "Amended Complaint"), alleging claims of Eighth Amendment failure to

3

protect and deprivation of liberty and property in violation of the Fourteenth Amendment.  Filing No. 15 at 3.

## II. AMENDED COMPLAINT INITIAL REVIEW

Upon review, the Amended Complaint suffers from the same issues as the prior Complaint. However, as set forth herein, in lieu of dismissal under 28 U.S.C. §§ 1915(e) and 1915A, this Court shall again grant Plaintiff leave to amend.

### A. Summary of Amended Complaint

Plaintiff brings this suit for monetary damages under 42 U.S.C. § 1983, bringing suit against "organization Douglas County Department of [C]orrections [l]aw enforcement officer, sheriff" in his or her official capacity only. Filing No. 15 at 2, 5. The subject matter of the Amended Complaint appears the same as the Complaint: claims of Eighth Amendment failure to protect and violations of prison policy by an unnamed defendant which occurred on December 23, 2021, while Plaintiff was housed by Douglas County Corrections.

In his Amended Complaint, Plaintiff describes the events at issue as: "A inmate blindsided a attack to the plaintiff[']s forehead causing a serious wound, the public employees including every inmate in C unit was aware of the event."  Filing No. 15 at 5.  Plaintiff further submits that he was hospitalized due to his injuries and later he "responded to state officials about the event and state officials mentioned to the plaintiff to find legal help and kite to medical and mental health for support and the state officials will be held accountable by the director for unprofessional conduct."  *Id.* at 8.  He contends that the "state officials" were "highly aware" of his injuries.  *Id.*

4

**B. Applicable Standards on Initial Review**

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

**C. Discussion**

Title 42 of the United States Code, section 1983 allows individuals to bring suit against persons who, under color of state law, have caused them to be "depriv[ed] of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. Section 1983 itself "creates no substantive rights; it merely provides remedies for deprivation of rights established elsewhere." *City of Okla. City v. Tuttle*, 471 U.S. 808, 816 (1985) (citations omitted). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). The allegations must state enough about each claim to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While "[a] pro se complaint must

be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties," *Topchian v. J.P. Morgan Chase Bank*, 760 F.3d 843, 849 (8th Cir. 2014) (internal quotation marks and citations omitted), complaints filed by *pro se* plaintiffs must contain enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Twombly*, 550 U.S. at 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Here, while Plaintiff brings suit against the sole defendant in his or her official capacity only, regardless of capacity, as pleaded none of Plaintiff's claims can proceed.

## A.  Official Capacity Claims

As an initial matter, Plaintiff seeks to sue an unnamed defendant in his or her official capacity as a Douglas County Corrections officer/supervisor. Filing No. 15 at 2.   "A suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). Here, Plaintiff's claims are made against a Douglas County Corrections officer or his or her supervisor, either of which is employed by Douglas County.  However, a county may only be liable under Section 1983 if its "policy" or "custom" caused a violation of a plaintiff's constitutional rights. *Doe By and Through Doe v. Washington Cnty.*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)).

Plaintiff does not allege that any policy or custom of Douglas County caused his injuries. *See* Filing Nos. 15 & 16.  For example, Plaintiff does not allege that Douglas County Corrections has a policy of having general and

lockdown inmates eat together, knowing that such allowances may result in harm to inmates.   In fact, Plaintiff does not allege why such a policy, if it were to exist, is more likely to result in harm.  As such, Plaintiff has failed to allege a plausible claim for relief against the Doe Defendant in his or her official capacity.

If Plaintiff intended to name the supervisor of the Doe Defendant as a defendant, the same issues related to the failure to allege a policy or custom would apply to any potential supervisor defendant as an employee of Douglas County.  More importantly, however, there is no vicarious liability in § 1983 actions, *Iqbal*, 556 U.S. at 676, as the "general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support [§ 1983] liability," *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997).  Thus, to proceed against a supervisor, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Here, to the extent Plaintiff sought to name any Douglas County Corrections supervisory personnel as a defendant (or defendants), those claims cannot proceed as in addition to failing to allege any policy exists, he has not provided any facts explaining how any supervisory personnel were personally involved in the alleged constitutional violations.  To state a plausible claim, he must do so.

Ultimately, Plaintiff's official capacity claims cannot proceed against any Douglas County official as pleaded.  As Plaintiff only brought suit against the defendant in his or her official capacity, the Complaint must be amended or dismissed for any claims to potentially proceed.

7

## B. Individual Capacity Claims

Although Plaintiff did not bring individual capacity claims against the Doe Defendant, to prevail it appears to this Court that an Eighth Amendment individual capacity suit would provide a more likely path.

"Prisoners have a constitutional right to be free from attacks by other inmates." *Robinson v. Cavanaugh*, 20 F.3d 892, 895 (8th Cir. 1994) (citing *Butler v. Dowd*, 979 F.2d 661, 675 (8th Cir. 1992) (en banc), cert. denied, 508 U.S. 930 (1993)). And, as previously noted by this Court, Eighth Amendment failure-to-protect claims are potentially cognizable. *See* Filing No. 14 at 7. To prevail on such a claim, Plaintiff must show that "prison officials 'were deliberately indifferent to his constitutional rights, either because they actually intended to deprive him of some right, or because they acted with reckless disregard of his right to be free from violent attacks by fellow inmates.'" *Robinson*, 10 F.3d at 895 (quoting *Branchcomb v. Brewer*, 669 F.2d 1297, 1298 (8th Cir. 1982) (per curiam)).

While claims against fictitious parties are generally not allowed to proceed unless the allegations are specific enough to determine the identity of the unknown defendant, *see* Filing No. 14 at 6 (citations omitted), here, it appears that Plaintiff is alleging that an unknown Douglas County prison employee made a decision to allow inmates to eat together who, according to prison policy, should not be allowed to do so, and that Plaintiff was injured on December 23, 2021, as a result of that decision. It also appears that a determination of who was responsible for the decision to allow the inmate groups at issue to eat together on December 23, 2021, could be ascertained through limited discovery. As such, the naming of a "Doe Defendant" is not fatal to Plaintiff's case at this early stage.

However, Plaintiff simply cites to "prison policy" to establish that the unknown prison employee (or employees) acted with deliberate indifference. As previously noted, citing to a prison policy to support such a claim is not enough. *See* Filing No. 14 at 6 (citations omitted). Plaintiff's Amended Complaint draws the same conclusion that the defendant knew (or drew an inference) of the risk of harm to Plaintiff when having the inmates eat together and that he or she acted with reckless disregard in so doing. But, once again, Plaintiff does not supply any explanation as to why allowing these particular inmates to eat together created a heightened risk of harm, nor does he explain why, in the circumstances at issue, prison officials knew or should have known of the heightened risk and chose to ignore it.

While it appears Plaintiff may have a cognizable Eighth Amendment failure to protect claim, he needs to provide additional factual information to support it, including why prison officials should know that allowing these segregated and general population inmates to eat together created a heightened risk of harm to inmates such as Plaintiff, and what occurred in the circumstances described where Plaintiff was harmed which establishes the prison officials involved knew or should have known of the heightened risk.

If the theory of Plaintiff's action is that the unknown defendants did not take sufficient precautions to protect him from violence by fellow inmates, resulting in Plaintiff's attack by an inmate (and the resulting injuries he describes), Plaintiff "must show something more than mere inadvertence or negligence" by prison officials. *See Branchcomb*, 669 F.2d at 1298. And, as previously discussed, citation to a failure to follow prison policy alone will not suffice. Again, Plaintiff must provide this Court with a description of why prison officials knew or should have known that allowing these segregated and general population inmates to eat together created a heightened risk of harm.

9

Plaintiff may do so by including details of other incidents which have occurred that may or may not have involved Plaintiff relating to allowing these inmate populations to mix. *Id.* Or, for example, if prison officials were aware of specific threats made to Plaintiff by general population inmates and therefore knew of the conditions Plaintiff would be exposed to by being allowed to eat with the general population inmates, Plaintiff should provide this Court with those details. Or, if issues have arisen in the past between segregated inmates and general population inmates which would establish that allowing members of these inmate populations to eat together could result in a heightened risk of harm, such information could potentially provide a basis for an Eighth Amendment failure to protect claim to proceed and should also be provided.

In relation to what this Court construes as a Fourteenth Amendment due process claim relating to Plaintiff being placed in lockdown for the failure to take a tuberculosis shot, *see* Filing No. 16 at 2, such confinement does not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest. *Sandin v. Conner*, 515 U.S. 472, 486, 115 S. Ct. 2293, 2301, 132 L. Ed. 2d 418 (1995). As such his Fourteenth Amendment claim does not state a claim on which relief may be granted.

Accordingly,

IT IS ORDERED:

1. Plaintiff shall have until 30 days from the date of this Memorandum and Order to file a second amended complaint that clearly states an Eighth Amendment failure to protect claim upon which relief may be granted against Defendant(s) in accordance with this Memorandum and Order. If Plaintiff fails to file a second amended complaint, his claims against Defendants will be dismissed without further notice.

10

2.      The Clerk's Office is directed to send to Plaintiff a copy of the prisoner civil complaint form.

3.      The Clerk's Office is directed to set a pro se case management deadline in this case using the following text: **September 24, 2025:** Check for second amended complaint.

4.      Plaintiff shall keep the Court informed of his current address at all times while this case is pending.  Failure to do so may result in dismissal without further notice.

Dated this 25th day of August, 2025.

BY THE COURT:

John M. Gerrard
Senior United States District Judge