IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TIGUE N BASS, IV,<br><br>Plaintiff,<br><br>vs.<br><br>DOUGLAS COUNTY DEPARTMENT OF CORRECTIONS, Official Capacity;<br><br>Defendant. | 8:24CV353<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Plaintiff Tigue N Bass, IV's second amended complaint filed on September 22, 2025. Filing No. 21.[1] Plaintiff was incarcerated when his lawsuit was filed, but he is now a non-prisoner. The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff has sued the Douglas County Department of Corrections (DCDC). The following summarizes the allegations in his second amended complaint.

On December 21, 2021, DCDC, with deliberate indifference to the substantial risk of serious harm to Plaintiff, failed to protect Plaintiff from a physical attack in violation of the Eighth Amendment. Filing No. 21 at 2.

When Plaintiff was released from the hospital on December 23, 2021, DCDC failed to return Plaintiff's personal property. DCDC was negligent in

---

[1] Plaintiff's initial complaint was filed on September 9, 2024, Filing No. 1, and an amended complaint filed on March 31, 2025, Filing Nos. 15 and 16. The second amended complaint supersedes the initial and amended complaints.

failing to exercise reasonable care for the safekeeping of his personal property, resulting in the loss of his property and damages. Filing No. 21 at 2, 3.

DCDC confined Plaintiff in punitive lockdown from November 10, 2021, through August 22, 2022, because Plaintiff refused a tuberculosis shot. This prolonged, unjustified, and isolated confinement constituted an atypical and significant hardship in violation of Plaintiff's constitutional rights. As a result, Plaintiff suffered severe emotional distress and psychological suffering. Filing No. 21 at 2.

Plaintiff demands recovery of his medical expenses and compensatory and punitive damages. Filing No. 21 at 3.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis and prisoner complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

### III. DISCUSSION

Plaintiff seeks recovery under 42 U.S.C. § 1983. To recover under 42 U.S.C. § 1983, Plaintiff must show "the conduct complained of was committed by a person acting under color of state law," and this conduct deprived him of "rights, privileges, or immunities secured by the Constitution or laws of the United States." *DuBose v. Kelly*, 187 F.3d 999, 1002 (8th Cir. 1999). For the reasons stated below, Plaintiff's allegations fail to state a claim for recovery under 42 U.S.C. § 1983.

Whether a party, other than an individual or a corporation, has the capacity to be sued is determined "by the law of the state where the court is located." Fed. R. Civ. P. 17(b). Each county in Nebraska may sue and be sued in its own name, Neb. Rev. Stat. § 23–101, but the same is not true of county departments. *See Winslow v. Smith*, 672 F. Supp. 2d 949, 964 (D. Neb. 2009) (sheriff's and county attorney's offices); *Griggs v. Douglas Cnty. Corr. Ctr.*, No. 8:07CV404, 2008 WL 1944557, at *1 (D. Neb. Apr. 29, 2008) (county corrections

department). A lawsuit against DCDC, a department of Douglas County, is a suit against Douglas County.

To state a claim against Douglas County, Plaintiff must allege a county policy or custom caused his alleged injury. *Brockinton v. City of Sherwood, Ark.*, 503 F.3d 667, 674 (8th Cir. 2007); *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006). Plaintiff has failed to allege that any Douglas County custom or policy caused his injuries, losses, and resulting damages. Plaintiff's claim against DCDC must be dismissed.

## IV. CONCLUSION

The Court is required to dismiss a complaint, or any portion of it, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Plaintiff has failed to state a claim against the Douglas County Department of Corrections. The complaint must be dismissed.

IT IS THEREFORE ORDERED:

1. This matter is dismissed without prejudice.
2. A separate judgment will be entered.

Dated this 29th day of September 2025.

BY THE COURT:

*/s/ John M. Gerrard*
John M. Gerrard
Senior United States District Judge